UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROBERT MASON,

                Petitioner,                      **No. 06-CV-0820(RJA)(VEB)**
                                                        **REPORT AND RECOMMENDATION**

        -vs-

R. POOL, Superintendent,

                Respondent.

_____

## I.      Introduction

Robert Mason ("Mason" or "petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is being held in state custody in violation of his federal constitutional rights. Mason is presently in custody as a result of a judgment of conviction entered on January 14, 2005, in Chemung County Court of New York State Supreme Court, based on his July 2, 2004 guilty plea to Attempted Promoting Prison Contraband in the First Degree (New York Penal Law ("P.L.") §§ 110, 205.25(2)), for which he was sentenced to an indeterminate prison term of from one and one-half to three years. This sentence was ordered to be served consecutively to any undischarged term of imprisonment he already was serving for an earlier conviction on charges of first degree robbery and first degree burglary.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for the issuance of a report and recommendation regarding the disposition of Mason's petition. For the reasons that follow, I recommend that the petition be dismissed as untimely.

## II.     Factual Background and Procedural History

On or about January 11, 2004, while Mason was confined at Five Points Correctional

Facility, he was found to be in possession of a sharpened paint brush handle, an item of

contraband under prison regulations. He was indicted on April 15, 2004, on charges of

Promoting Prison Contraband in the First Degree (P.L. § 205.25(2)), and Attempted Assault in

the Second Degree (P.L. §§ 110, 120.05) (Exhibit A).[1]

    After his motion to dismiss the indictment was unsuccessful, petitioner appeared before

Chemung County Court Judge James T. Hayden on July 2, 2004, and elected to plead guilty to

Attempted Promoting Prison Contraband in the First Degree (P. L. §§ 110/205.25(2)), with the

understanding that he would receive an indeterminate sentence of one and one-half to three years

to run consecutively with the sentence that he was presently serving (Exhibit L at p. 2). During

Mason's guilty plea allocution, he acknowledged that he was waiving his right to a jury trial, his

right against self-incrimination, his right to confront and cross-examine the witnesses against

him, and his right to present evidence on his own behalf and testify if he so desired (Exhibit L at

pp. 7-8). When asked whether there was anything that he did not understand, and petitioner

responded, "No, sir" (Exhibit L at p. 9). When asked whether he had any questions for his

attorney, petitioner said, "No. We discussed everything sufficiently" (Exhibit L at p. 9). Based

on petitioner's allocution, the court stated that it was satisfied that petitioner's plea was

"knowingly, voluntarily, and intelligently" made (Exhibit L at 9).

    The court then asked petitioner about the factual circumstances underlying the charges,

and Mason responded that he "possessed a homemade – a homemade weapon that Department of

Corrections considered to be a weapon." (Exhibit L at pp. 9-10). Mason indicated that the

weapon in question was a wooden paint brush handle that was "sharpened at the end" and he had

[1]      Citations to "Exhibit __" refer to the exhibits submitted by respondent in connection with his declaration (Dkt. #11) and memorandum of law (Dkt. #12) in opposition to Mason's petition (Dkt. #1).

it in his hand at the time he was apprehended (Exhibit L at pp. 10-11). Mason confirmed that the

sharpened paint brush could be used to inflict injury on another and he that knew that it was

against prison rules to possess such an item (Exhibit L at p. 11).

On January 14, 2005, in accordance with the terms of his guilty plea, the County Court

sentenced petitioner to an indeterminate prison term of from one and one-half to three years, to

be served consecutively with the sentence that petitioner was serving (Exhibit M at pp. 4-5).

By letter dated January 14, 2005, the Chemung County Public Defender's Office notified Mason

of his right to appeal (Exhibit F at Exhibit 3) and advised him that he was required to

complete an enclosed form and return it to the Public Defender's Office so that a Notice of

Appeal could be timely filed on his behalf (id.). However, the Public Defender's Office never

received an answer from Mason in response to its letter (Exhibit F at Exhibit 5).

By letter dated December 9, 2005, Mason inquired of the Public Defender's Office

concerning the status of his appeal (Exhibit F at Exhibit 4). The Public Defender's Office, by

letter dated December 28, 2005, replied to Mason that it assumed that petitioner did not want to

take an appeal (Exhibit F at Exhibit 5), as it had never received a reply or the required paperwork

back from petitioner. In correspondence, apparently received in the Public Defender's Office on

January 5, 2006, Mason explained that he had previously sent the Public Defender's Office the

relevant form, and he indicated that he wanted the office to file an appeal (Exhibit F at Exhibit

6). He further indicated that on appeal, he wanted to challenge the denial of his pre-plea motion

to dismiss the indictment, as well as the trial court's failure to inquire about his mental state at

the time of his plea (Exhibit id.).

A few weeks later, on January 31, 2006, Mason, proceeding *pro se*, filed an application

for a writ of error *coram nobis* in the Appellate Division, Third Department, of New York State

Supreme Court. (Exhibit E). Construing the January 31, 2006 application liberally, Mason

claimed that he was denied the effective assistance of appellate counsel and due process because

the Public Defender's Officer did not perfect an appeal on his behalf (Exhibit E). The District

Attorney filed papers opposing the application (Exhibit F).

The Appellate Division construed petitioner's *pro se* application to be a motion for an

extension of time to file a notice of appeal and, by Decision and Order on Motion dated April 21,

2006, granted petitioner an enlargement of time to May 22, 2006 to take an appeal (Exhibit G).

In response to a letter from petitioner dated June 4, 2006, the Appellate Division advised

petitioner that he had only until May 22, 2006, to take his appeal and, if an appeal was not taken

by that date, he was required to make a motion for an extension of time to file and serve a notice

of appeal. (Exhibit H). The Appellate Division further advised Mason that if he had filed and

served a notice of appeal before the May 22nd deadline, he could apply to the Appellate Division

for permission to proceed as a poor person and for assignment of counsel on the appeal (id.). To

date, Mason has never filed a notice of appeal, and no appeal has ever been perfected by him.

On August 11, 2006, Mason filed a motion to vacate the judgment of conviction pursuant

to New York Criminal Procedure Law ("C.P.L.") § 440.10 (Exhibit E), contending that although

he "attempted to have" the public defender file an appeal on his behalf, it erroneously failed to

do so (Exhibit I, Affidavit in Support at ¶¶ 5, 7). Mason indicated that he sought to pursue the

following three arguments on appeal: (1) the trial court erroneously denied his motion to dismiss

the indictment on the ground that he was denied his right to testify before the grand jury; (2)

defense counsel failed to inquire into petitioner's mental state and use of medications to treat

mental health conditions; and (3) defense counsel failed to object to petitioner being sentenced to

a "non-existing charge of attempt to promote contraband" (Exhibit I, Affidavit in Support at ¶ 9).

The District Attorney filed opposing papers in response to that motion (Exhibit J). By Decision

and Order dated October 24, 2006, the County Court denied petitioner's motion (Exhibit K),

finding that the record established that it was *petitioner's* failure to respond to the public

defender's inquiry into his intention to pursue an appeal that resulted in no appeal being filed on

his behalf.  Although the Appellate Division had granted Mason an extension of time to file his

appeal and provided him with the appropriate paperwork to do so, he "[a]stonishingly . . . had

not availed himself of the opportunity to file an appeal" (Exhibit K at p. 2). Because the record

was sufficient for adequate appellate review of Mason's allegations about having wanted to

pursue on appeal, the County Court determined that it was without authority to entertain

petitioner's motion (Exhibit K at p. 2); *see* N.Y. CRIM. PROC. LAW § 440.10(2)(c). Mason did not

seek leave to appeal the denial of his C.P.L. § 440.10 motion to the Appellate Division.

　　Mason's next filing was the instant petition for a writ of habeas corpus, which was signed

and dated November 21, 2006. Mason claims that (1) he was denied his right to testify before the

grand jury (Petition ¶ 12(D) (Dkt. #1)); (2) his plea was invalid because the trial court did not

inquire into his "mental health" when he pled guilty (Petition ¶ 12(A) (Dkt. #1)); (3) he was

denied effective assistance of trial counsel because counsel allowed petitioner to be sentenced

without objecting to the court's failure to inquire about his medications and mental health status

at the time of his plea and sentence (Petition ¶ 12(C) (Dkt. #1)); and (4) he was denied the

effective assistance of appellate counsel because counsel did not perfect petitioner's appeal

(Petitioner ¶ 12(B) (Dkt. #1)).

Respondent answered the petition and asserted the defenses of untimeliness, failure to exhaust state remedies, and procedural default. Respondent also argues that all of Mason's claims are lacking in merit. Mason has not submitted a reply or traverse in response to respondent's answer.

For the reasons that follow, I recommend that the petition be dismissed as time-barred by the applicable statute of limitations and because petitioner does not qualify for equitable tolling.

## III.   Analysis of the Petition

### A.   Timeliness

Title 28 U.S.C. § 2244(d)(1) mandates that a federal habeas corpus petitioner file his petition within a one-year statute of limitations period. The one-year statutory period begins to run from the latest of several dates, only one of which is relevant here, i.e., "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C.§ 2244(d)(1)(A). In this case, the one-year statute of limitations period commenced when Mason's conviction became final. He was convicted on January 14, 2005 (Exhibit M). Pursuant to C.P.L. § 460.10(1)(a), he had thirty (30) days to file a notice of appeal. In petitioner's case, because the thirtieth day fell on a Sunday, petitioner had until Monday, February 14, 2005 to file a notice of appeal. *See* N.Y. CRIM. PROC. LAW § 460.10(1)(a); N.Y. COUNTY LAW § 902 (when last day on which to file any paper in any office expires on a Sunday, and when such office is closed, time to file is extended to the next business day). Therefore, Mason's conviction became final on February 14, 2005. Consequently, petitioner had one year from that date, or until February 14, 2006, to file his petition for habeas relief. 28 U.S.C. § 2244(d)(1). *See Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002).

AEDPA provides that the one-year limitations period is tolled during the pendency of a properly filed petition for collateral review in state courts. *See Artuz v. Bennett*, 531 U.S. 4, 8-11 (2000); 28 U.S.C. § 2244(d)(2). The Second Circuit has held that "Section 2244(d)2's tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Bethea v. Girdich*, 293 F.3d at 579 (citing *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

To review, the one-year period expired for Mason on February 14, 2006.  He did not file his federal habeas petition until November 21, 2006.[2] The time period between February 14, 2006, and November 21, 2006, is 280 days, meaning that Mason's petition is 280 days late. Unless a period of 280 days of statutory tolling under Section 2244(d)(2) is available *to* Mason, his petition was filed well past the one-year limitations period.

Petitioner's motion for writ of error *coram nobis*, dated January 31, 2006, appears to have been a "properly filed" application for state post-conviction review for purposes of Section 2244(d)(2). However, even taking into account the tolling occasioned by this motion, Mason's petition is still untimely. At most, Mason's *coram nobis* application tolled the period of limitations from January 31, 2006, the date it was filed, to May 22, 2006, the date to which the Appellate Division extended petitioner's time to file an appeal (Exhibit G). This period of tolling amounts only to 112 days.

Although Mason filed another post-conviction state-court motion on August 11, 2006

---

2        With respect to *pro se* and incarcerated habeas petitioners, the "mailbox rule" applies: the petition is deemed filed on the date it is given to correctional authorities for mailing to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988); *Noble v. Kelly*, 246 F.3d 93, 97-98 (2d Cir.), *cert. denied*, 534 U.S. 886 (2001). Mason's petition is dated November 21, 2006, and was entered on the district court's docket on December 13, 2006. Although petitioner does not provide information regarding when he mailed the petition, the earliest date on which Mason could have delivered the petition to prison officials for mailing was November 21, 2006.

(the C.P.L. § 440.10), even after crediting him with the 112 days occasioned by his *coram nobis* application, the time does not serve to toll the limitations period, which by then had expired on May 22, 2006.

### B.        Equitable Tolling

Furthermore, Mason is not entitled to the benefit of equitable tolling. AEDPA's "one-year period is a statute of limitations rather than a jurisdictional bar so that the courts may equitably toll the period." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.), *cert. denied*, 531 U.S. 840 (2000). To qualify for equitable tolling, the petitioner "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling applies, however, only in "rare and exceptional circumstance[s]." *Id.* (quoting *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir.), *cert. denied*, 528 U.S. 1007 (1999)).

Even where exceptional circumstances are shown to exist, a habeas petitioner still bears the burden of proving that those circumstances, and not his own actions, actually prevented him from filing the petition in a timely manner. *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) (citing *Smith*, 208 F.3d at 17). In other words, a habeas petitioner "must establish that . . . he 'acted with reasonable diligence throughout the period he seeks to toll.'" *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004) (quoting *Smith*, 208 F.3d at 17), *cert. denied*, 546 U.S. 961 (2005). As yet, the Second Circuit has identified only a limited number of circumstances that qualify as "extraordinary" so as to merit equitable tolling, such as "where an attorney's conduct is so outrageous and incompetent that it is truly extraordinary," *Doe v. Menefee*, 391 F.3d at 159, or

where prison officials deliberately have obstructed a petitioner's ability to file his petition by confiscating his legal papers, *see Valverde*, 224 F.3d at 133-34.

Here, petitioner has neither alleged that he is eligible for any equitable tolling nor shown that he had been diligently pursuing his rights throughout the time prior to the filing of his habeas petition. Looking at the chronology of the post-conviction proceedings in this case, I note that the Appellate Division granted petitioner an extension of time until May 22, 2006 to take an appeal (Exhibit G), and clearly informed him that if he did not take an appeal by the date, he needed to move for a further extension of time to serve and file a notice of appeal (Exhibit H). He was informed that he had the statutory right to appeal. He was given the paperwork and information he needed to file a notice of appeal. And he was clearly informed from the outset that the public defender's office was not going to perfect his appeal for him. Even if he arguably could plead ignorance of these facts, that not necessarily constitute extraordinary circumstances. *See Guzman v. Payant*, 2007 U.S. Dist. LEXIS 8456, *5-6 (E.D.N.Y. Feb. 2, 2007) ("Petitioner's lack of awareness that he had a statutory right to appeal and his attorney's failure to file a notice of appeal on his behalf do not toll the statute of limitations period."). In any event, Mason inexplicably failed to heed the Appellate Division's and the public defender's office's explicit instructions, and consequently never perfected his direct appeal.

Then, Mason waited until August 11, 2006, before filing his C.P.L. § 440.10 motion to vacate in the trial court. By this time, 431 days were chargeable against the one-year limitations period which had commenced on February 14, 2005.[3]  The one-year limitations period, having

---

[3]      The limitations period ran for 351 days, from January 14, 2005, through January 30, 2006. The period was tolled between January 31, 2006, and May 22, 2006, for a total of 112 days. The limitations period ran again for 80 days, from May 23, 2006, through August 10, 2006.

already expired, was not resuscitated by the filing of Mason's C.P.L. § 440.10 application. *Smith v. McGinnis*, 208 F.3d at 17 ("We therefore hold that proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run.").  The C.P.L. § 440.10 motion was dismissed on October 24, 2006, and Mason did not seek leave to appeal to the Appellate Division as he was required to do, meaning that he failed to fully exhaust his state court remedies with respect to any claims raised in the C.P.L. § 440.10 motion (another impediment to his seeking habeas relief). Furthermore, Mason did not file his federal habeas corpus petition until almost a month later, on November 21, 2006. What delayed Mason from filing a timely habeas petition were his own actions, which cannot constitute "extraordinary circumstances" for purposes of the equitable tolling doctrine.

In sum, the petition was filed well past the date of the one-year limitations period expired, and the state-court post-conviction applications filed by Mason do not provide sufficient statutory tolling. Mason has not attempted to demonstrate that he is entitled to have his petition equitably tolled, and on the record before me, I see nothing that would qualify as an exceptional circumstance preventing him from filing on time. Moreover, Mason has not attempted to demonstrate that he acted with reasonable diligence. Without a showing of both reasonable diligence and extraordinary circumstances, Mason is unable to demonstrate his entitlement to equitable tolling. *See*, *e.g.*, *Pace*, 544 U.S. at 419 (affirming the dismissal of a petition because it was untimely filed more than two years after the new AEDPA expiration date came into effect, no statutory tolling applied, and "[u]nder long-established principles, petitioner's lack of diligence preclude[d] equity's operation" for equitable tolling to apply). Accordingly, I

recommend finding that the petition be dismissed as time-barred.

**IV.      Conclusion**

    For the reasons set forth above, I recommend that the petition for a writ of habeas corpus filed by petitioner be denied. Furthermore, I recommend finding that petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). Therefore, it is recommended that no certificate of appealability issue with respect to any of petitioner's claims.


                                                        /s/ *Victor E. Bianchini*
                                                    _____
                                                        VICTOR E. BIANCHINI
                                                        United States Magistrate Judge

Dated:  April 29, 2008
        Buffalo, New York.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

The District Court ordinarily will refuse to consider on *de novo* review arguments, case law and evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. *See*, *e.g.*, *Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to petitioner and respondent.

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*

VICTOR E. BIANCHINI
United States Magistrate Judge

Dated:  April 29, 2008
        Buffalo, New York